Allen", J.
The complaint averred that the defendant, on the 1st day of July, 1853, for value received, made and deEvered to the said plaintiff, his promissory note in writing, and *232 payable to the order of the plaintiff, and indorsed by him, of which the following is a copy:
“New York, July 1, 1853.
“Sixty days after date I promise to pay to the order of Eugene Keteltas two hundred and four 67-100 dollars, for value received.
“$204.67. *• (Signed,)
“JAMES MYERS."
That there is due and owing the said plaintiff the said sum of $204.67, with interest thereon from, the 2d day of September, 1853; wherefore plaintiff demands judgment.
There are four grounds of objection specified in the demurrer. The first is that it does not appear, and is not stated or averred, that the plaintiff is the holder or owner of the note in the complaint mentioned. The allegation is, that the plaintiff, on the 1st day of July, 1853, for value received, made and delivered to the plaintiff his promissory note, &e. The allegation that the note was made to the plaintiff would have been a sufficient averment of ownership, without averring a delivery. (7 Term, R., 596; 5 East, 476; 10 How., 275; 12 id., 452.) But it is unnecessary to dwell upon this point, as the court below held it not well taken, and it was not insisted upon, but rather abandoned, on the argument here.
The second ground of demurrer is, “that it does not appear, and is not stated or averred, that the same, or any part thereof, remains unpaidand .the third ground is, “that it is not stated that any sum is due or owing upon it”
The making and delivery of the note to the plaintiff is averred, and after setting out a copy of it, by which it appears it was dated the 1st day of July, 1853, and was payable to the order of the plaintiff at sixty days, and was for the sum of $204.67, the complaint further avers “that there is due and owing the said plaintiff, the said sum of $204.67, with interest thereon from the 2d day of September, 1853.” The amount averred to be due is the exact sum mentioned in the note, and *233 the claim of interest is from the 2d of September, 1853, the day the note became due, at which time, and not before, interest was chargeable. The words “ said sum ” refer most clearly to the note and the money mentioned in it, and are equivalent to averring that there was due upon it, or thereon, the sum mentioned in it, with interest. The defendant promised to pay the plaintiff a certain sum. The note is evidence of that sum, and a true copy is set out. If the note, or any part, had been paid, that was matter of defence, to be set up in the answer. It was outstanding, as the complaint shows, and that imputes a subsisting liability. (Story on Prom. Notes, § 106; Lake v. Tysen, 2 Seld., 461.) The case of Allen v. Patterson (3 Seld., 476), settles the present in favor of the defendant, and that very sum is alleged to be due to the plaintiff.
The court below, in coming to the conclusion that there was no sufficient breach stated in the complaint, remarked that there is no allegation that the note has become payable, or that it is due. But the learned judges, who wrote so elaborately on that point seemed to have overlooked the fact that a copy of the note was set out in the complaint under section 162 of the Code, in which it appeared that it was dated 1st of July, 1853, and was payable sixty days after date, to the order of the plaintiff, showing upon its face that it had become payable, and was due before the commencement of the action. All that was necessary to state additionally was, that there was due to the plaintiff thereon, from the defendant, the amount of the note. This is done, in the present case, in equivalent words, about which there can be no mistake or misleading of the party; and the allegations should have been liberally construed, with a view to substantial justice between the parties. (Code, § 159; 3 Seld., 480.)
The court below admitted that the objections to the complaint were strictly technical, and that under the present system of pleading, such technicality should not be encouraged further than is necessary for the due and orderly administration of justice. In our opinion, they should have decided in conformity to these views. They should have gone further— *234 they should have declared the demurrer frivolous, as we now ■do.
The judgment must be reversed, and judgment rendered for the plaintiff with costs.
All the judges concurring,
Ordered accordingly.